```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DAVID VITTOR,

                    Petitioner,
                                                    MEMORANDUM & ORDER
          -against-
                                                    13-CV-3112 (KAM)
THE NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION, GOWANDA FACILITY,
JOHN LEMPKE (SUPERINTENDENT) AND
THE NEW YORK STATE DIVISION OF
PAROLE,

                    Respondents.
----------------------------------X
```

**MATSUMOTO, United States District Judge:**

Petitioner David Vittor seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging respondents violated his rights under the Due Process Clause and various New York state statutes. (ECF No. 1, Petition for Writ of Habeas Corpus ("Pet."), 05/29/2013.). Respondents, the New York State Department of Corrections and Community Supervision, Gowanda Facility, John Lempke (superintendent), and the New York State Division of Parole, filed a motion to dismiss the petition pursuant to Federal Rule of Civil Procedure 12(b)(6) on October 2, 2013. (ECF No. 10, Motion to Dismiss ("Mot."), 10/2/13.) For the reasons set forth below, respondents' motion to dismiss the case without prejudice is granted.

**BACKGROUND**

On August 5, 2010, petitioner pleaded guilty to charges of driving while intoxicated and endangering the welfare of a child and was sentenced to six months imprisonment and five years of probation. (Pet. ¶¶ 4-5.) Petitioner appeared in Queens Supreme Court on June 26, 2012, in response to a declaration of delinquency alleging probation violations, and was remanded to custody. (*Id.* ¶ 6.) On October 25, 2012, petitioner pleaded guilty to violation of probation and was sentenced to an indeterminate term of imprisonment of between 13 to 39 months with credit for time served. (*Id.* ¶ 7.)

An initial parole hearing for petitioner, who was then incarcerated at the Ulster Correctional Facility, was scheduled for April 10, 2013, but the parole board stated at the beginning of that proceeding that it was adjourning the hearing because it did not have a copy of petitioner's sentencing minutes. (ECF No. 10-2, Exhibit ("Ex.") E, Parole Board Interview, 4/10/13.)[1] When petitioner was asked if he had a copy of the sentencing minutes, he replied "No." (*Id.*) On June 4, 2013, the parole

---

[1] In ruling on a motion to dismiss, the court may consider the pleadings and matters of public record. *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998) (noting that it is "well-established" that a court may rely on matters of public record in deciding a motion to dismiss). Petitioner alleges that this hearing took place on April 11, 2013, (Pet. ¶ 12), but the record clearly shows that the hearing in fact took place on April 10, 2013, (ECF No. 10-2, Ex. E, Parole Board Interview, 4/10/13).

board interviewed petitioner and denied parole. (ECF No. 10-2, Ex. G, Parole Board Minutes, 6/4/13.)[2]

Since his October 25, 2012, sentencing for parole violation, petitioner has filed or attempted to file five petitions for writs of habeas corpus in New York state courts, none of which have been adjudicated on the merits. (Pet. ¶ 16.) First, petitioner attempted to file a habeas petition on February 6, 2013, in the state supreme court for Queens County, but this filing was rejected because a clerk informed petitioner "that the proceeding should have been brought in Bronx County." (*Id.*) Next, petitioner attempted to file another habeas petition in the state supreme court for Bronx County on February 8, 2013, but a clerk rejected this petition as improperly filed and informed petitioner to file the petition in a "writ court" for the New York City Department of Corrections. (*Id.*)[3] Petitioner proceeded to file his habeas petition yet again in a writ court for the New York City Department of Corrections on February 13, 2013, but petitioner was transferred from the custody of the New York City Department of Corrections to the

---

[2] Petitioner concedes the accuracy of this record in his opposition papers. (ECF No. 13, Memorandum in Opposition ("Opp."), 10/28/13, at 1.)

[3] Based on the circumstances described by petitioner, it appears that his counsel attempted to file these petitions but was informed by clerks that he was filing these petitions in the wrong courts. Even if his counsel actually filed these petitions and the petitions were subsequently rejected, this court's opinion would not be different.

Ulster Facility on February 26, 2013, before the return date of March 13, 2013 on the petition, rendering the proceeding moot. (*Id.*)[4]

On April 24, 2013, petitioner attempted to file another habeas petition in the appellate division for the Second Department, but this petition was allegedly rejected because petitioner had never filed a notice of appeal. (*Id.*)[5] Finally, petitioner filed a petition for a writ of habeas corpus on May 3, 2014, in the state supreme court for Queens County but withdrew the petition on May 24, 2013, after learning that respondents intended to move for a change of venue. (*Id.*)

Petitioner filed the instant petition for habeas corpus on May 29, 2013, and sought relief on seven grounds. Petitioner seeks relief under Ground One because the New York State Division of Parole allegedly failed to conduct a personal interview of petitioner at least one month prior to his parole eligibility date, under Ground Six because petitioner allegedly was not interviewed at his initial parole hearing on April 10, 2013 and the hearing was adjourned, and under Ground Seven because he alleges that the New York State Division of Parole

---

[4] The ultimate disposition of this petition is unclear. The original return date of February 20, 2013, on the petition was changed to March 13, 2013, at the request of the New York City Department of Corrections. (Pet. ¶ 16.)

[5] Petitioner alleges that this filing was rejected because he had previously failed to file a notice of appeal but, as explained *supra* in Discussion section II.B, petitioner filed this habeas petition in the wrong court as well. *See supra* Discussion section II.B.

failed "to furnish a statement of its reasons for denying parole" on April 10, 2013. (Pet. at 6-8.) Petitioner seeks relief under Grounds Two through Five because he alleges that he was not transferred to a state facility within 10 days of becoming "state ready," thereby allegedly delaying his adjourned initial parole hearing and depriving him of the chance to shorten his sentence through "merit time" reductions, presumptive release programs, and earned eligibility programs. (*Id.* at 6-7.)

Petitioner concedes that he has not exhausted available state court remedies but claims he "is unable to exhaust available state-court remedies on the ground that recourse to state remedies has been futile and resulted in inordinate delay by state officials and state courts." (*Id.* ¶ 19.)

## DISCUSSION

I. **Standard of Review**

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 678-79.

Finally, "[o]n a petition for habeas corpus relief, it is the petitioner's burden of proving that he has fully exhausted his state court remedies." *Colon v. Johnson*, 19 F. Supp. 2d 112, 119-120 (S.D.N.Y. 1998) (citing *United States ex rel. Cuomo v. Fay*, 257 F.2d 438, 442 (2d Cir. 1958)).

## II. Exhaustion of State Remedies

### A. Legal Standard

Under 28 U.S.C. § 2254(b)(1)(A), a federal district court may not grant a habeas petition filed on behalf of "a person in custody pursuant to the judgment of a [s]tate court" unless "the applicant has exhausted the remedies available in the courts of the [s]tate." 28 U.S.C. § 2254(b)(1)(A). "The exhaustion requirement is animated by 'notions of comity between the federal and [s]tate judicial systems.'" *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011) (alteration in original)

6

(quoting *Strogov v. Attorney Gen. of N.Y.*, 191 F.3d 188, 191 (2d Cir. 1999)). "[E]xhaustion of state remedies requires that [a] petitioner fairly present federal claims to the state courts in order to give the [s]tate the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Id.* at 104 (alteration in original) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam)); *see also Rush v. Lempke*, 500 F. App'x 12, 14 (2d Cir. 2012) (summary order) (same); *Cornell v. Kirkpatrick*, 665 F.3d 369, 375 (2d Cir. 2011) (same).

"Where state law affords petitioner a right to raise his claim 'by any available procedure,' and the claim is not raised, it cannot be deemed to have been exhausted." *Ellman v. Davis*, 42 F.3d 144, 147 (2d Cir. 1994) (quoting 28 U.S.C. § 2254(c)). "It is not sufficient merely that the [petitioner] has been through the state courts." *Id.* (quoting *Picard v. Connor*, 404 U.S. 270, 275-76, (1971)). "Rather, the petitioner's claims must be fairly presented so that the state has the opportunity to correct any alleged constitutional violations." *Id.* (quoting *Picard*, 404 U.S. at 276); *see also Kimbrough v. Bradt*, 949 F. Supp. 2d 341, 352 (N.D.N.Y. 2013) ("A claim is not properly exhausted . . . if it is submitted to the state court by way of an incorrect procedural mechanism and never addressed.") Finally, "[i]n order to exhaust claims,

7

petitioners must 'fairly present' their constitutional claims to the highest state court." *James v. Marshall*, No. 05-CV-1992, 2007 U.S. Dist. LEXIS 72804, at *18-19 (E.D.N.Y. Sept. 28, 2007) (citing *Picard*, 404 U.S. at 275), *adopted by* No. CV-05-1992, 2007 U.S. Dist. Lexis 81241 (E.D.N.Y. Oct. 31, 2007); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

A habeas petitioner proceeding under 28 U.S.C. § 2254 need not exhaust his state court remedies, however, if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii). "An exception to the exhaustion requirement may be made '*only if* there is *no opportunity* to obtain redress in state court or if the [state] corrective process is *so clearly deficient* as to render *futile* any effort to obtain relief.'" *Ellman*, 42 F.3d at 149 (emphases and alteration in original) (quoting *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam)); *see also Jordan v. Bailey*, No. 13 Civ. 7651, 2013 U.S. Dist. LEXIS 169790, at *15 (S.D.N.Y. Dec. 2, 2013) ("Futility is present when there is a 'complete absence

of a mechanism for correction of the alleged unconstitutional violation' or the petitioner is 'precluded by an unconscionable breakdown from using the process that exists.'") (quoting *Francis S. v. Stone*, 995 F. Supp. 368, 380 (S.D.N.Y. 1998), *aff'd*, 221 F.3d 100 (2d Cir. 2000)).

### B. Application

Petitioner concedes that he has failed to exhaust his remedies in state court. (Pet. ¶ 19 ("Petitioner is unable to exhaust available state-court remedies . . . .").) Nevertheless, petitioner asserts that this court can entertain his habeas petition because "recourse to state remedies has been futile and resulted in inordinate delay by state officials and state courts as indicated." (*Id.*) In his opposition papers, petitioner further alleges that "[w]hile no decision was rendered in the five (5) forums where Petitioner brought his writ, their informal denials and additional delay caused by the Attorney General's Office itself has rendered recourse to state remedies futile." (Opp. at 3.)

To exhaust a challenge to a parole determination under New York law, an inmate must first file an administrative appeal with the Division of Parole's Appeals Unit, and, if that application is denied, the inmate must seek relief in state court pursuant to Article 78 of the CPLR ("Article 78"). *See*

N.Y. Comp. Codes. R. & Regs. tit. 9, § 8006.1 (2014); *Pena v. Ellis*, No. 07 CV 2736, 2007 U.S. Dist. LEXIS 93957, at *8 (E.D.N.Y. Dec. 21, 2007); *Scales v. N.Y. State Div. of Parole*, 396 F. Supp. 2d 423, 428 (S.D.N.Y. 2005). If the Article 78 petition is denied, the petitioner must appeal that denial to the highest court capable of reviewing it. *See Pena*, 2007 U.S. Dist. LEXIS 93957 at *8.

Petitioner asserts that he filed this habeas petition on May 29, 2013, and thus could not challenge the parole board's June 4, 2013 decision because it was issued after this petition was filed. (Opp. at 1.) But petitioner does not explain why he disregarded the procedures provided by New York law to challenge parole decisions and failed to file either an administrative appeal or an Article 78 petition in state court to exhaust the claims in Grounds One, Six, and Seven of this petition related to or arising from his *April 10, 2013* parole hearing, which took place *before* he filed this petition. *E.g.*, *People ex rel. Cender v. Henderson*, 378 N.Y.S.2d 205, 206 (N.Y. App. Div. 1976) ("The failure to provide [a statement of reasons for denying parole], however, properly is remedied by an application in an article 78 proceeding . . . .").

Petitioner's excuses for not exhausting the claims in Grounds Two, Three, Four, and Five of his petition are also

meritless.  While CPLR § 7002(b) provides that a habeas petition can be made to the "the supreme court in the judicial district in which the person is detained," "the appellate division in the department in which the person is detained," or "any justice of the supreme court," as well as certain other officials who do not apply in this case, N.Y. C.P.L.R. § 7002(b) (2014), a "writ to secure the discharge of a person from a state institution *shall be made returnable* before a justice of the supreme court or a county judge *being or residing within the county in which the person is detained*," absent certain narrow exceptions not applicable in this case, N.Y. C.P.L.R. § 7004(c) (2014). Consequently, the correct venue for a state habeas petition in this case was the county where the petitioner was *incarcerated* at the time the habeas proceeding was commenced, *not* the county where the petitioner was *convicted*. *See Matter of Hogan v. Culkin*, 221 N.E.2d 546, 549 (N.Y. 1966) ("Where the writ is directed to the warden of a State prison . . . it must be made returnable in the county of detention"); *People ex rel. Alexander S. v. Bennett*, 675 N.Y.S.2d 553, 553 (N.Y. App. Div. 1998) ("the venue of this habeas corpus proceeding was in [the county] where the petitioner was being detained at the time the habeas corpus proceeding was commenced").

Petitioner has not established that his failure to exhaust his claims in state court should be excused because state officials or state courts allegedly delayed adjudicating his claims. (Pet. ¶ 19.) Petitioner avers that clerks informed him that he was attempting to file his first two habeas petitions in the wrong courts, that petitioner "was conveniently transferred" to a state facility before the return date on his third petition, thereby rendering it moot, that his fourth habeas petition, which he filed or attempted to file in the appellate division for the second department, was rejected due to his failure to first file a notice of appeal,[6] and that he withdrew his fifth habeas petition after learning that respondents intended to move for a change of venue because the petition had been filed in the wrong court. (Pet. ¶ 16; Opp. at 1-3.)[7] This record clearly shows that petitioner has failed to exhaust his claims in state courts as a result of his own

---

[6] Although petitioner claims in his opposition that this habeas petition was erroneously rejected because of his failure to file a notice of appeal, (Opp. at 2), this petition was incorrectly filed in the county of petitioner's conviction, Queens County, rather than the county of petitioner's incarceration, Erie County, where Gowanda Facility is located. (ECF No. 14, Reply, 10/31/13.) In addition, according to petitioner's opposition, this filing seems to concern a direct appeal of the severity of his sentence. (Opp. at 2 n.2 (stating that "[t]he Appellate Division's instructions . . . contemplated the limited issue of moving for leave to file a late notice of appeal prior to considering whether the Petitioner's sentence was excessive . . . .").

[7] Petitioner alleges that "the Attorney General's Office indicated its desire to adjourn the Petitioner's fifth writ of habeas corpus proceeding for a change of venue" but does not explain why he voluntary withdrew this petition rather than have it transferred to the correct venue. (Opp. at 2.)

mistakes – repeatedly filing habeas petitions in the wrong courts – and not because of any allegedly improper actions or delays by state officials. (Pet. ¶ 16; Opp. at 1-3.)[8] Thus, petitioner does not and cannot show that he had "*no opportunity to obtain redress in state court*" or that "the [state] corrective process is *so clearly deficient* as to render *futile* any effort to obtain relief" since he never fairly presented any of his claims to the correct state forum. *Ellman*, 42 F.3d at 149 (alteration in original) (quoting *Picard*, 404 U.S. at 276).[9]

## CONCLUSION

For the reasons set forth above, respondents' motion to dismiss the petition without prejudice is granted. Because petitioner has not made a substantial showing of the denial of any constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2).

---

[8] Petitioner offers no factual support for his allegation that petitioner "was conveniently transferred" before the return date on his third petition. (Opp. at 2.)

[9] The court declines to stay the proceedings because the petition only contains unexhausted claims. 28 U.S.C. § 2254(b)(1)(A). In addition, to the extent petitioner seeks a judgment in his favor because respondents allegedly did not comply with certain court or Chambers practices, that argument is denied under this court's discretion.

13

The clerk of court is respectfully requested to enter judgment for respondents and to close this case.

**SO ORDERED**

DATED: May 14, 2014
Brooklyn, New York

                                              /s/
                                   Kiyo A. Matsumoto
                                   United States District Judge